*Municipal Court of the City of Boston*

No. 118061

**NORTHEAST CONSTRUCTION CORPORATION**

v.

**BENJAMIN LLOYD, ET AL, TR.**

(October 8—October 15, 1965)

*Present*: Adlow, C. J., Riley & Lewiton, JJ.
Case tried to *Gorrasi, Sp. J.*

*Adlow, C. J.* Action of contract to recover for work, labor, and materials provided in remodeling a house of the defendant.

*There was evidence that* on February 8, 1964 the parties entered into a written agreement providing for the painting and reshingling of the defendant's house at 643 Morton Street, Boston. The contract price for the work was $1600. During the progress of the work the plaintiff received $800. In this action he seeks to recover the balance due on the contract plus the sum of $267 for extras. There was a finding for the plaintiff in the amount of $700. The defendant presented a motion for a new trial and at the hearing of the motion presented requests for rulings, all of which were denied. To the refusal of the court to grant a new trial or to rule as requested the defendant brings this report.

The only evidence in the report pertinent to any of the issues argued is as follows:

"The plaintiff testified that he performed all the work required by the contract between the parties which consisted generally of reshingling a three-family frame dwelling, and that the fair value of the services performed and materials supplied under the contract was $1600; that he performed additional work not required by the contract which consisted of washing down the shingles; that he incurred costs in respect to the extra work of approxi-

mately $267. Item 6 of the contract required the application of certain moldings to windows and door frames of the building. The plaintiff testified that in conversation with the defendant, wherever possible, wooden band molding or quarter round molding would be used, and he testified that it was not possible to do this on some of the windows, and the defendant agreed to leave the old moldings on some of the windows."

It does not appear from the report that any of this evidence was contradicted by the defendant.

In making its finding for the plaintiff the court found substantially as set forth above, but did not allow the plaintiff to recover for extra work in washing the shingles. The court also found that "It was agreed between the parties to alter the terms of item 6 of the contract", and further "for saving the cost of this work the defendant was to be allowed a credit." While the court did not expressly state that he made an allowance for this saving in work, the finding in the amount of $700 indicates that $100 was allowed by the court for this saving.

There is no merit whatever to this report. On the evidence reported, the work required by this contract was completed in its entirety. One of the items in the contract was modified by mutual arrangement of the parties, and no evidence was offered by the defendant to prove that he was entitled to a larger allowance than was awarded by the court. This

finding was not against the weight of the evidence; nor was there any evidence to dispute the plaintiff's claim that the contract was completed in accordance with its terms; nor is there any basis for the defendant's claim that no allowance had been made by the court for the work which by agreement of the parties had been omitted. The defendant has argued this report on the basis of facts which bear no resemblance to the facts recited in the report. *Report dismissed.*

Irving J. Pinta, of Boston, for the Plaintiff.

Jordan L. Ring, of Boston, for the Defendant.